*LNE*
*KEG:* USAO# 2026R00172

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. ABA-26-215 |
| | * | |
| ALANTE MOULTRIE, | * | (Possession of Firearm and |
| | * | Ammunition by a Prohibited Person, |
| Defendant. | * | 18 U.S.C. § 922(g)(1); Forfeiture, 18 |
| | * | U.S.C. § 924(d), 21 U.S.C. § 853, and |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

**\*\*\*\***

## INDICTMENT

### COUNT ONE
**(Possession of a Firearm and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland charges that:

On or about February 12, 2026, in the District of Maryland, the Defendant,

**ALANTE MOULTRIE,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Sarsilmaz semi-automatic handgun bearing serial number T1102-19Y00184 and 11 rounds of .45 cal ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

1

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Count One of this Indictment.

### Firearm and Ammunition Forfeiture

2.     Upon conviction of the offense alleged in Count One of this Indictment, the Defendant,

### ALANTE MOULTRIE,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense.

### Property Subject to Forfeiture

3.     The property to be forfeited includes, but is not limited to:

   **a.** Sarsilmaz semi-automatic Handgun bearing serial number T1102-19Y00184; and

   **b.** approximately 11 rounds of .45 cal ammunition.

## Substitute Assets

4.    If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date 6/24/26